# Fegley v. Badger

*Anthony J. Urban,* for plaintiff.
*Daniel E.P. Bausher,* for defendant.

RUBRIGHT, *J.,* March 1, 1991—This matter is presently before the court on defendant's motion for post-trial relief. The action arose as a result of a motor vehicle accident which occurred on March 13, 1986. Cindy Ann Badger and Jennifer Badger died in the accident. Suit was instituted in this court on behalf of their estates against Josiah W. Fegley and several other defendants. That action was docketed to no. S-454-1987. The instant suit was filed on January 5, 1988. Both cases were later consolidated for trial. After a number of continuances, the trial was finally scheduled for the November 1990 term of court. The case of *Badger v. Fegley* settled prior

to trial. The jury impaneled in the instant case awarded a verdict against defendant in the amount of $56,000, comprised of property damage in the amount of $11,000 and general damages in the amount of $45,000. The verdict was molded by the court to reduce the amount of general damages by the $5,000 required first-party benefit coverage under the Pennsylvania Motor Vehicle Financial Responsibility Act. Therefore, the verdict was reduced to a total of $51,000.

Defendant first argues that the court erred in failing to grant her motion for a compulsory nonsuit, motion to dismiss and/or point for binding instructions to preclude any recovery for psychological injury in light of the lack of unequivocal medical evidence on the issue of causation. During the trial, plaintiff presented the testimony of Dr. Samuel Garloff pertaining to psychological treatment rendered to Mr. Fegley at Turning Point. Over the objection of defense counsel, plaintiff asked Dr. Garloff whether the motor vehicle accident caused the psychological injury and depression of plaintiff. Doctor Garloff answered, "It is possible, yes sir." At the conclusion of plaintiff's case, defense counsel moved for a compulsory nonsuit and/or dismissal of the psychological aspect of plaintiff's claim because the medical opinion of Dr. Garloff was equivocal and inadequate as a matter of law to support the psychological claims. The court overruled the motion. The following morning, the court decided to sustain the objection to Dr. Garloff's opinion as to the "possible" cause of the depression. Defense counsel then moved to dismiss plaintiff's claim for depression and psychological injury, arguing that plaintiff failed to meet his burden of proof as a matter of law. The court overruled the motion,

stating that it was not necessary to have expert testimony on the issue.

Based upon our research of the applicable case law, we believe that we erred in allowing the claim for psychological injury to go to the jury without expert testimony as to causation. Generally, when an injury results directly and immediately, or naturally and probably from an accident, it is not essential to establish the causal relationship by expert testimony. 9 Standard Pa. Practice 2d §55:18. Expert testimony is not necessary if the accident and the injury are "so closely connected and so readily apparent that a layman could diagnose (except by guessing) the causal connection." *Florig v. Sears, Roebuck & Co.,* 388 Pa. 419, 424, 130 A.2d 445, 448 (1957). Where there is no obvious causal relationship, the causal connection must be established by unequivocal medical testimony. *Id.* See *Malizewski v. Rendon,* 374 Pa. Super. 109, 542 A.2d 170 (1988); *Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280 (1978); *Simmons v. Mullen,* 231 Pa. Super. 199, 331 A.2d 892 (1974).

In the instant case, plaintiff did not seek treatment for depression until 15 months after the accident. His own expert witnesses testified that there are various causes of depression, many of which are not trauma-related. Therefore, we do not believe that plaintiff's depression was so "naturally and probably" caused by the accident that causation could be established without expert testimony.

Doctor Garloff's opinion that the depression was "possibly" caused by the accident was stricken because it was not unequivocal. Since plaintiff did not provide unequivocal medical testimony to substantiate his claim that the depression was caused by the accident, there was insufficient evidence from

which the jury could make a decision holding defendant liable for plaintiff's depression. Therefore, we should not have allowed that issue to go to the jury.

Defendant next argues that the court erred in permitting plaintiff to introduce expert testimony and opinions which had not been provided to defendant prior to trial. In particular, defendant complains about Dr. Garloff's opinion regarding causation and the opinions of both Dr. Garloff and David Pastucka, the treating psychologist, that plaintiff would be unable to function as a tractor-trailer driver in the future. Since Dr. Garloff's opinion regarding causation of plaintiff's depression was stricken, defendant's argument on that point is moot. However, we shall address defendant's argument as it relates to the plaintiff's employment as a truck driver.

Defendant's argument concerns whether the opinions complained of exceeded the scope of the expert reports provided in discovery. Subsection (c) of Pa.R.C.P. 4003.5 provides that:

"[The expert's] direct testimony at the trial may not be inconsistent with or go beyond the fair scope of testimony in the discovery proceedings as set forth in his deposition, answer to an interrogatory, separate report or supplement thereto. However, he shall not be prevented from testifying as to facts or opinions or matters on which he has not been interrogated in the discovery proceedings."

There is no hard and fast rule for determining whether an expert has exceeded the fair scope of his report. However, the Superior Court has framed the inquiry as follows:

"[W]hether, under the particular facts and circumstances of the case, the discrepancy between the expert's pretrial report and his trial testimony is

of a nature which would prevent the adversary from preparing a meaningful response, or which would mislead the adversary as to the nature of the appropriate response." *Wilkes-Barre Iron & Wire Works Inc. v. Pargas,* 348 Pa. Super. 285, 502 A.2d 210 (1985).

In interrogatories addressed to plaintiff, defendant requested the identity of expert witnesses, the subject matter about which each was expected to testify and the substance of the facts and opinions to which the expert was expected to testify. In requests for production of documents, plaintiff was requested to produce reports of all experts who would testify at trial. Obviously, the discovery requests were broad enough that we are not faced with a situation in which the expert could have testified as to areas on which he has not responded in discovery.

In response to the interrogatories and request for production of documents, plaintiff produced the medical records from Turning Point and a report from David Pastucka. A review of those documents reveals that neither Dr. Garloff nor Mr. Pastucka expressed an opinion as to whether plaintiff would be able to function as a truck driver. The records from Turning Point contain only the diagnosis of plaintiff's condition and the treatment which was rendered. Pastucka's report indicates only the diagnosis of plaintiff's condition, results of testing and his recommendations. There was nothing in the information provided to defendant to advise her that plaintiff's expert witnesses would testify that plaintiff would be unable to perform the duties of a truck driver. As such, we must conclude that the experts' opinions in that regard unfairly exceeded the scope of the discovery supplied to defendant and the court

erred in allowing the experts to testify as to their opinions concerning plaintiff's continued employment as a truck driver.

Finally, defendant argues that the court erred in permitting plaintiff to introduce testimony on the issue of liability despite the fact that the defendant admitted liability. Plaintiff was allowed to testify, to a limited extent, concerning the circumstances of the accident. The court directed plaintiff's counsel to move on to another area when he attempted to bring in the specific details of the accident. The reason for allowing the brief testimony was not to address liability, but to establish some background for the damages allegedly sustained by plaintiff as a result of the accident. We do not believe the court erred.

Accordingly, we enter the following

## ORDER

And now, March 1, 1991, it is hereby ordered that:

(1) Defendant's motion for judgment notwithstanding the verdict is granted as to plaintiff's claim for psychological injuries;

(2) Defendant's motion for new trial is granted as to plaintiff's claim for general damages due to the court's error in allowing Dr. Garloff and Mr. Pastucka to testify as to their opinions regarding plaintiff's ability to drive a tractor-trailer in the future; and

(3) The jury's award for property damage in the sum of $11,000 shall not be disturbed.